UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**CUTOLO BARROS LLC**
46-50 Throckmorton Street
Freehold, New Jersey 07728
(732) 414-1170
Hubert C. Cutolo, Esq. (038632003)
Attorneys for Windsong at East Brunswick
Condominium Association, Inc. and Windsong
at East Brunswick Property Owners
Association, Inc.

| | |
|---|---|
| In Re: | Case No.: 20-18611-CMG |
| | Chapter: 13 |
| FRANCILLIA RIVIERE | Judge: Christine M. Gravelle |

## OBJECTION TO CONFIRMATION OF PLAN

**PLEASE TAKE NOTICE** that creditors Windsong at East Brunswick Condominium Association, Inc. (the "Condo") and Windsong at East Brunswick Property Owners Association, Inc. (the "POA") (together, the "Associations"), by and through their counsel, Cutolo Barros LLC, hereby tenders objection to the confirmation of the Chapter 13 plan proposed by the Debtor upon one or more of the following grounds:

1. Misrepresentation of the total debt owed to the Association in connection with the real property located at 169 Windsong Circle, East Brunswick, New Jersey 08816 (the "Unit"). The plan does not list any arrearage with regard to the Unit. The Condo is owed $10,652.54, and the POA is owed $16,483.70;

2. Failure to provide for payment of post-petition condominium assessments for as long as the Debtor holds title to the Unit. The Court must look to state law to determine property rights and interests. Butner v. U.S., 440 U.S. 48, 55 (1979). Under New Jersey law, the obligation to pay condominium assessments is a covenant that runs with the land. See N.J.S.A. 46:8B-17. Plans that do not provide for payment of post-petition assessments for so long as the debtor holds title to the property violate the standard of good faith required in all confirmable plans;

463.0031

3. Failure to provide for full payment of the Association's allowed secured claim. The plan may not modify the Association's allowed secured claim, which is based upon liens recorded against the Unit, which is the Debtor's principal residence. See 11 U.S.C. 1322(b)(2). Since the Association's liens have limited priority over the first mortgage pursuant to N.J.S.A. 46:8B-21, the Association's allowed secured claim is attached to equity in the unit and cannot be modified. See 11 U.S.C. 1325(a)(5).

4. Failure to otherwise conform to the United States Bankruptcy Code or Rules.

In the event that the foregoing deficiencies are cured, waiver or rendered moot prior to the date of the confirmation hearing and no further grounds for objection appear, counsel for the Association will not appear at the confirmation hearing and the foregoing objections may be deemed withdrawn. If the objection is not resolved prior to the hearing date, the Association expressly reserves its rights and requests that the Court establish a briefing schedule and set a date for a hearing to resolve the Association's objection(s) to the proposed plan.

CUTOLO BARROS LLC
Attorneys for creditors Windsong at East Brunswick Condominium Association, Inc. and Windsong at East Brunswick Property Owners Association, Inc.

By:  /s/ *Hubert C. Cutolo*
     HUBERT C. CUTOLO

Dated: October 20, 2020

463.0031